1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| RUDOLF SHTEYNBERG, | Case No.  22-cv-00959-BAS-JLB |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 4) AND DISMISSING CASE** |
| HON. JANIS L. SAMMARTINO, | |
| Defendant. | |

17
18
19
20
21
22
23
24

Plaintiff Rudolf Shteynberg is proceeding *pro se*—without an attorney.  He filed a complaint on June 29, 2022 against the Honorable District Judge Janis Sammartino of the Southern District of California.  (Compl., ECF No. 1.)  Plaintiff's complaint seeks relief from an order that Judge Sammartino issued in an unspecified case in which Plaintiff was presumably a party.  (*Id.* § III.)  In particular, he requests the "appointment of either counsel or judge in same ethnicity/background."  (*Id.*)  Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP")—without prepaying court fees or costs.  (Mot., ECF No. 4.)

25
26

For the following reasons, the Court **DENIES** Plaintiffs' motion to proceed IFP, and **DISMISSES THE CASE WITHOUT PREJUDICE**.

27
28

## I.    MOTION FOR LEAVE TO PROCEED IFP

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment.  The determination of indigency falls within the district court's discretion.  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).

It is well-settled that a party need not be completely destitute to proceed IFP.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).   To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.  At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses.  *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).  Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation."  *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900

settlement).  Further, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff has not met the requirements in 28 U.S.C. § 1915 for IFP status.  Plaintiff states that he is self-employed but refuses to specify his cash income.  (Mot. ¶ 1.)  In addition to his "unspecified" income, Plaintiff receives $427.00 per month in public assistance funds. (*Id*.)  Plaintiff reports that he has "$427.00/month" in his checking account and estimates his total monthly expenses at $500.00.  (*Id*. ¶ 4.)  Plaintiff expects major changes to his monthly income in the next 12 months but does not specify the nature of these changes. Given Plaintiff's failure to specify his monthly cash income from self-employment, actual checking account balance, and anticipated changes in his finances; the Court lacks the requisite information needed to determine whether Plaintiff qualifies for IFP status.  *See McQuade*, 647 F.2d at 940.  Therefore, the Court finds that Plaintiff does not satisfy the requirements to proceed IFP.

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) and **DISMISSES WITHOUT PREJUDICE** the Complaint.  Pursuant to this order, Plaintiff has thirty days (until August 24, 2022) to pay the filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or file a renewed application to proceed IFP if appropriate.

**IT IS SO ORDERED.**

**DATED: July 25, 2022**

**Hon. Cynthia Bashant**
**United States District Judge**